■ Susan Elkowitz, Respondent, v. Howard Elkowitz, Appellant.— In an action in which plaintiff was granted a judgment of divorce by the Supreme Court, Westchester County, dated December 19, 1972, defendant appeals, as limited by his notices of appeal and his brief, from so much of (1) an order of said court, dated August 4, 1972, as, on reargument, granted plaintiff alimony and child support *pendente lite* and a counsel fee and (2) the judgment as (a) directed defendant to pay the amounts fixed for alimony and child support every two weeks instead of bimonthly and (b) awarded plaintiff an additional counsel fee of $1,922.50. Order affirmed insofar as appealed from. No opinion. Judgment modified, on the law and the facts, by adding to the decretal paragraph which deals with the amount and method of making alimony and child support payments, a provision that commencing as of November 1, 1973 defendant shall pay plaintiff $216.67 as alimony and $70.41 for each of the two children's support, on the 1st and the 15th days of each month, making a total of $714.98 each month, and that the amount for each child shall be increased to $81.25 per payment after final

payment of the amount due on the automobile presently in defendant's name and plaintiff's possession has been made. As so modified, judgment affirmed insofar as appealed from. Plaintiff is awarded one bill of $20 costs and disbursements to cover both appeals. The record is clear that the parties intended the alimony and child support payments were to be made twice a month, on the 1st and 15th days of each month, for a total of 24 payments a year. The bi-weekly provision in the judgment would result in 26 payments a year. Munder, Acting P. J., Martuscello, Shapiro, Christ and Brennan JJ., concur.